## MARCELLINO v. GAITHER et al.
### No. 1171.

Municipal Court of Appeals
District of Columbia.

Argued Jan. 21, 1952.

Decided Feb. 8, 1952.

William H. Clarke, Washington, D. C. (Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., on the brief), for petitioner.

Ernest F. Williams, Gen. Counsel, Washington, D. C., for respondent Robert F. Cogswell, Administrator of Rent Control.

Ernest F. Coleman, Washington, D. C., for respondent George Gaither.

Before CAYTON, Chief Judge, and HOOD and QUINN, Judges.

HOOD, Judge. .

This proceeding was commenced before the Administrator of Rent Control by a tenant who sought a reduction in rent on the ground that he had been paying rent of $65 a month since October 15, 1946, whereas the rent on January 1, 1941, the freeze date under our original rent act,[1] was $17.50 a month. After a hearing the examiner found, among other things, that the rent on January 1, 1941, was $17.50 a month and, as no subsequent adjustment had been made, that such sum was the maximum rent ceiling for the premises, and concluded that the petition for reduction in rent should therefore be dismissed. These findings were thereafter approved by the Administrator.

The landlord has appealed. His first contention is that the Administrator was in error in finding that the rent on January 1, 1941, is the present rent ceiling for the premises. This contention is based on the claim that before the premises were rented

---

1. Code 1940, Supp. VII, § 45–1601 et seq. This law has been extensively amended by Public Law No. 63, 82d Cong., 1st Sess., approved June 30, 1951, 65 Stat. 98.

to the present tenant they were altered and improved to such an extent as to constitute new housing accommodations within the doctrine of Delsnider v. Gould, 81 U.S.App. D.C. 54, 154 F.2d 844, 847. The evidence, as shown by the examiner's findings and a statement of facts included in the record, disclosed that the rented premises were originally a four-room house with an outside toilet; that the landlord on purchasing the property added a new room, in a part of which was enclosed the toilet and a bath tub; that this additional room was built of used lumber covered on the outside by brick siding and on the inside by a type of wallboard; that the landlord paid $65 for labor in construction of the room, $265 for plumbing and $25 for hauling away trash.

The examiner who heard the evidence and viewed the premises found that the additional room and other improvements were insufficient to create new housing accommodations. We cannot hold this finding to be error. In the Delsnider case it was said that "whether the housing accommodations involved are new ones not rented on the critical date, or are old ones with substantial capital improvements or alterations, is a question of fact, which, * * * must, unless the evidence is compelling one way or the other," be decided by the trier of the facts. The evidence was not compelling in this case. Undoubtedly the landlord made substantial improvements to the premises, but we cannot say as a matter of law that such improvements resulted in the creation of new housing accommodations.

The other error assigned is that, assuming new housing accommodations were not created, nevertheless in view of the substantial improvements the Administrator should have "set" a new rent ceiling. However, the landlord filed no petition for an adjustment of the ceiling and did not formally ask for affirmative relief. According to the statement of facts filed by the landlord, at the close of the hearing the landlord moved orally for an order "setting a ceiling on the premises and allowing a just and fair rent." In our opinion this request was properly denied. It was too informal in nature. The Administrator has authority to determine a rent ceiling only under section 2 of the rent act in cases where no ceiling previously existed. Where a previous ceiling exists the Administrator under section 4 of the act may adjust the rent on the landlord's petition but he has no authority to fix a "just and fair rent." Although proceedings before the Administrator ought not to be of too technical a nature, nevertheless before the Administrator can make an adjustment of rent there should be some written petition therefor, stating the grounds on which the adjustment is sought, in order that all parties, including the Administrator, may be informed of the nature of the proceeding and go forward in an orderly manner.

We affirm the order of the Administrator, but such affirmance is without prejudice to the right of the landlord to hereafter petition the Administrator for and obtain the relief to which he may be entitled under applicable law and such facts as he may establish.

Affirmed.